IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TOMMY LEE WILSON,      )
# 225500,               )
                           )
      Petitioner,      )
                           )
vs.                )     CIVIL ACTION NO.
                           )     3:06-CV-751-WKW
                           )
RALPH HOOKS, et al.,     )
                           )
      Respondents.    )

## RESPONDENTS' SUPPLEMENT ANSWER
## TO COURT'S ORDER

Come now Respondents, by and through the Attorney General of the State of

Alabama, and file their supplemental answer in response to this Court's Order

dated October 11, 2006. Respondents answer as follows:

1.     Respondents adopt and reassert their answer dated October 6, 2006,

which includes valid procedural default arguments preventing a review of

Petitioner, Tommy Lee Wilson's (Wilson), federal habeas corpus petition on the

merits.

2.     Wilson filed both an application for rehearing and a petition for

certiorari review in the state courts of Alabama.

3.    The pleadings and rulings are attached as designated exhibits to this answer.

WHEREFORE PREMISES CONSIDERED, Wilson's federal habeas corpus petition should be denied accordingly.

## EXHIBITS

B-3 – Wilson's Application for Rehearing;

B-4 – Court of Criminal Appeals' denial of Application for Rehearing;

B-5 – Wilson's Petition for Certiorari Review;

B-6 – Supreme Court of Alabama's denial of Petition for Certiorari Review.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: ysaxon@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Tommy Lee Wilson, AIS #225500, St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, Alabama  35146-9790.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: ysaxon@ago.state.al.us

196126/99065-001

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

TOMMY LEE WILSON,
Petitioner, Pro-Se,

vs.

CRIMINAL APPEALS NO:
CR-04-1746

STATE OF ALABAMA,
Respondent-Appellee.

## APPLICATION FOR REHEARING AND INCLUSION OF FACTS UNDER RULE 39 (k) A.R.A.P.

Comes now the Petitioner, pro-se, and respectfully moves this Honorable Court for a rehearing and praying that the judgment heretofore entered by the Court on October 21, 2005, be set aside and further praying that upon rehearing a judgment be entered reversing his conviction and sentence by the Chambers County Circuit Court and remanding the same for a new trial and/or an evidentiary hearing. In support of this motion, Petitioner files herewith his brief and argument and prays that the same be considered.

In addition thereto, Petitioner prays for enclosing as facts in this case the following under Rule 39 (k) A.R.A.P.:

### STATEMENT OF FACTS

Petitioner was convicted for two counts of capital murder and was sentenced to life imprisonment without parole.

Petitioner was represented at trial by the Honorable Don Hamlin. Mr. Hamlin filed a motion for new trial and a motion to withdraw from the case on October 31, 2002.

1.

EXHIBIT
B-3
PENGAD 800-631-6989

The Honorable Gregory Varner was appointed and he filed notice of appeal on January 29, 2003 and represented Petitioner on direct appeal.

Petitioner thereafter filed a timely Rule 32 post-conviction petition asserting ineffective assistance of counsel and newly discovered evidence supported by an affidavit of one Charles Ross.

The trial court summarily dismissed the Rule 32 petition on the ground that the issues could have been but was not raised on appeal and the trial court noted that the Petitioner was not represented by trial counsel on direct appeal.

WHEREFORE, PREMISES CONSIDERED, Petitioner hereby prays that this Honorable Court will grant his Rule 39 (k) motion. Furthermore, Petitioner prays this Honorable Court will rehear his case and then reverse the case, or in the alternative, to reverse or remand the case for an evidentiary hearing.

Finally, Petitioner prays for such other relief as he may be entitled.

Respectfully Submitted,

*Tommy L. Wilson*

Tommy Lee Wilson, pro-se.

## CERTIFICATE OF SERVICE

I hereby certify that I have this _31_ day of October, 2005 served acopy of the foregoing upon the Attorney General by placing same in the U.S. Mail, postage prepaid first class.

*Tommy L. Wilson*

Tommy Lee Wilson #225500
G1C-129
1000 St. Clair Road
Springville, AL.
35146-5582

2.

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA
CASE NO: CR-04-1746


TOMMY LEE WILSON,
Petitioner, Pro-Se,


vs.


STATE OF ALABAMA,
Respondent-Appellee.


ON APPEAL FROM THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CC-00-74.60


## BRIEF IN SUPPORT OF APPLICATION FOR REHEARING


Tommy Lee Wilson #225500
G1C-129
1000 St. Clair Road
Springville, Alabama
35146-5582

October 31, 2005.

TABLE OF CONTENTS

TABLE OF CONTENTS                                        i

TABLE OF AUTHORITIES                                     ii

STATEMENT OF THE CASE                                    1.

STATEMENT OF THE FACTS                                   1.

STATEMENT OF THE ISSUE                                   1.

SUMMARY OF THE ARGUMENT                                  2.

ARGUMENT                                                 2.

CONCLUSION                                               3.

CERTIFICATE OF SERVICE                                   4.

i

TABLE OF AUTHORITIES

Alderman v State, 647 So.2d 28(Ala.Crim.App.1994)          2,3.

Ex parte Ingram, 675 So.2d 863(Ala.1996)                  2,3.

Hull v State, 673 So.2d 782(Ala.Crim.App.1995)            2,3.

RULES OF COURT

Rule 24.1 (b),                                            2.

ii

## STATEMENT OF THE CASE

The Petitioner submits as his statement of the case the same as submitted in his original brief, except that on October 21, 2005, this Honorable Court affirmed the denial of his Rule 32 post-conviction petition.

## STATEMENT OF THE FACTS

The Petitioner submits the same Statement of Facts as included in his original brief, as well as those enumerated in his Rule 39 (k) motion.

## STATEMENT OF THE ISSUE

Did the trial court commit reversible error in summarily denying the Rule 32 post-conviction petition?

## SUMMARY OF THE ARGUMENT

The issue of ineffective assistance of counsel is not precluded as a basis for relief because the Rule 32 petition was Petitioners first opportunity to present that claim to the trial court.  See Alderman v State, 647 So.2d 28,31 (Ala.Crim.App.1994);Hall v State, 673 So.2d 782(Ala.Crim.App.1995).

## ARGUMENT

The trial court erred to reversal in summarily denying the Rule 32 post-conviction petition on the ground that the ineffective assistance of counsel claims could have been but was not raised on appeal.  In its order denying the Rule 32 petition, the trial court noted that, "It should be noted that defendant was not represented by trial counsel on appeal."

However, it was trial counsel who filed the motion for new trial and appellate counsel was appointed after that motion was filed and after the 30 days allowed by Rule 24.1 (b), Ala.R.Crim.P., to file that motion.  Appellate counsel could not have amended the motion for new trial to add ineffective assistance of counsel.

Petitioner filed his claim of ineffective assistance of counsel in a Rule 32 post-conviction petition because it was the first opportunity available to him.  In Ex parte Ingram, 675 So.2d 863(Ala.1996), the court stated;

> " When a defendant makes a claim of ineffective assistance of trial
> counsel, and that claim cannot reasonably be presented in a new
> trial motion filed within the 30 days allowed by Rule 24.1(b),
> the proper method for presenting that claim for appellate review
> is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction
> relief."

Ingram, at 866 (emphasis added).

2.

Additionally, this court has stated that the issue of ineffective assistance of counsel is not precluded in a Rule 32 petition if it is a Petitioners first opportunity to present that claim to the trial court. See Alderman v State, 647 So.2d 28,31(Ala.Crim.App.1994); Hall v State, 673 So.2d 782(Ala.Crim.App. 1995).

## CONCLUSION

In conclusion, Petitioner respectfully asserts that in the foregoing he has demonstrated that the trial court erred to reversal.  Petitioner respectfully asserts that this court also has erred in its memorandum of October 21, 2005 wherein this Court failed to address Petitioners argument that his claim of ineffective assistance of counsel was properly presented in a Rule 32 petition because it was his first opportunity to raise such a claim.

Based upon the errors complained, Petitioner respectfully request this Honorable Court to render a decision in favor of him and/or granting him such other relief as he may be entitled.

Respectfully Submitted,

*Tommy L. Wilson*

Tommy Lee Wilson, pro-se.

3.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3/ day of October, 2005 served a copy
of the foregoing upon the Attorney General by placing same in the U.S.Mail,
first class and postage prepaid.

*Tommy L. Wilson*

Tommy Lee Wilson #225500
G1C-129
1000 St. Clair Road
Springville, AL.
35146-5582

4.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**Lane W. Mann**
Clerk
**Sonja McKnight**
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

November 10, 2005

**CR-04-1746**

Tommy Lee Wilson v. State of Alabama  (Appeal from Chambers  Circuit Court:
CC00-74.60)

## <u>NOTICE</u>

You are hereby notified that on November 10, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Charles W. Story, Circuit Clerk
Tommy Lee Wilson, Pro Se
Yvonne A. H. Saxon, Asst. Atty. Gen.

EXHIBIT
*B-4*
PENGAD 800-631-6989

IN THE SUPREME COURT OF ALABAMA

TOMMY LEE WILSON,
Petitioner-Appellant,

vs.

SC NO._____

STATE OF ALABAMA,
Respondent-Appellee.

## PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:

Comes your Petitioner, Tommy Lee Wilson, and petitions this Court for a writ of CERTIORARI to issue to the Court of Criminal Appeals in the above styled cause under Rule 39, ARAP, and shows the following:

Petitioner filed a Rule 32 post-conviction petition in the Circuit Court of Chambers County, Alabama, and the circuit court summarily denied the petition on grounds of preclusion on May 19, 2005.  The Court of Criminal Appeals affirmed the judgment on October 21, 2005.  An application for rehearing was filed on October 21, 2005 and overruled on November 10, 2005.

A copy of the opinion of the appellate court is attached to this petition which shows the Court of Criminal Appeals case to be NO. CR-04-1746.

Petitioner alleges as grounds for the issuance of the writ the following:

1.

PENGAD 800-631-6989

EXHIBIT
B-5

The decision of the appellate court is in conflict with a prior decision of the Supreme Court of Alabama and a prior decision of the appellate court on the same point of law. In its opinion, the appellate court affirmed the trial courts denial of the Rule 32 post-conviction petition wherein Petitioner raised an ineffective assistance of counsel claim. The trial court denied the post-conviction petition stating that, "each and every ground raised and argued could have been raised with the Court of Criminal Appeals." C-60 Additionally, in its order denying the post-conviction petition, and pointed out by Petitioner to the appellate court, the circuit court noted that, "It should be noted that defendant was not represented by trial counsel on appeal." C-60

On appeal to the appellate court Petitioner argued that the trial court was in error because he could not have raised each and every ground on direct appeal because appellate counsel was appointed after the motion for new trial had been filed by trial counsel, and trial counsel could not have raised the issue of ineffective assistance of trial counsel on himself. Therefore, the Rule 32 petition was his first opportunity to raise ineffective assistance of trial counsel.

The appellate courts application of the law to Petitioner conflict with the Supreme Court cas of <u>Ex parte Ingram</u>, 675 So.2d 863(Ala.1996), wherein that court stated:

> "When a defendant makes a claim of ineffective assistance of
> trial counsel, and that claim cannot reasonably be presented
> in a new trial motion filed within the 30 days allowed by
> Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting

2.

that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief." _Ingram_, at 866 (emphasis added).

Additionally, the appellate courts decision in the instant case conflicts with a prior decision of the appellate court. In _Battle v State_, 801 So.2d 41(Ala.Crim.App.2001), the court stated:

> "Under Ingram, the proper method for presenting an ineffective-assistance-of-counsel claim that cannot reasonably be presented in a motion for new trial is by filing a Rule 32 petition. The record in this case does not indicate that the appellant could have reasonably presented his ineffective-assistance-of-counsel claims in his motion for new trial. Therefore, contrary to the circuit courts finding, those claims are not precluded pursuant to Rule 32.2 (a)(5),Ala.R.Crim.P., and the appellant properly raised them in his Rule 32 petition."
> _Battle_, at 42 (emphasis added).

The facts of the instant case are indistinguishable from the above cited authority and the appellate court erred in not following the Supreme Court and the Appeals Court decisions on the same point of law.

Petitioner respectfully request that after a preliminary examination, the writ of certiorari be granted and that this Court proceed under its rules to review the matters complained of, and to reverse the judgment of the Court of Criminal Appeals, and for such other relief as Petitioner may be entitled.

I certify that I have this day served copies of this petition on all other parties to the appeal in the Court of Criminal Appeals.

Respectfully Submitted,

_Tommy L. Wilson_

Tommy Lee Wilson,
Petitioner, Pro-Se.

3.

<u>CERTIFICATE</u>

I hereby certify that I have this 23 day of November, 2005 served a copy
of the foregoing upon the Attorney General by placing same in the U.S. Mail,
postage prepaid and properly addressed.

Tommy L. Wilson

Tommy Lee Wilson #225500
G1C-129
1000 St. Clair Road
Springville, AL.
35146-5582

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

RELE____

OCT 2 7 2006

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-04-1746              Chambers Circuit Court CC-00-74.60

Tommy Lee Wilson v. State

COBB, Judge.

Tommy Lee Wilson appeals from the circuit court's summary dismissal of his Rule 32, Ala. R. Crim. P., petition. The petition sought post-conviction relief from his October 3, 2002, conviction for two counts of capital murder and sentences of life in prison without the possibility of parole. His convictions were affirmed on direct appeal. See Wilson v. State, (CR-02-0852, June 20, 2003) 880 So. 2d 513 (Ala. Crim. App. 2003)(Table). The certificate of judgement was issued on November 7, 2003. Wilson's Rule 32 petition was timely filed on January 26, 2004. The allegations contained in the petition are confusing and disorganized, sometimes to the point of being unintelligible and incoherent. Thus, as best

1

we can discern, the following claims were presented in Wilson's petition.

1.) There was insufficient evidence to support a finding of guilt.

2.) Co-defendant Darcell Brown conspired with the district attorney to fabricate a case against the petitioner.

3.) Darcell Brown's testimony should have been impeached.

4.) Petitioner was not advised of his <u>Miranda v. Arizona</u> rights.

5.) Because there was only one death, it was a double jeopardy violation to charge petitioner with two crimes.

6.) Witness Dexter Gibson admitted that he was threatened and coerced.

7.) Witness Darcell Brown admitted that he was coerced by the District Attorney to lie about the petitioner.

8.) Petitioner's statement was illegally obtained and used against him. See, number 4 above.

9.) Trial counsel was ineffective for failing to object to the illegally obtained statement.

10.) A letter written by Darcell Brown confirms that he lied about the petitioner's involvement in the crime.

11.) Trial counsel was ineffective in presenting the facts of the case.

12.) Trial counsel was ineffective in investigating the defense and preparing for motions, hearings and trial.

2

13.)    Improper and prejudicial remarks by the
prosecutor persuaded the jury of petitioner's guilt.

14.) Petitioner was denied effective representation
because petitioner only had one attorney instead of
two.

The circuit court summarily dismissed the petition on May
19, 2005, on the grounds that all the claims contained in the
petition could have been presented on direct appeal.  See,
Rule 32.2(a)(4), Ala. R. Crim. P.  In reviewing the circuit
court's denial of King's petition, we will affirm the circuit
court "[i]f the circuit court is correct for any reason, even
though it may not be the stated reason ... . See Roberts v.
State, 516 So. 2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748
So. 2d 231, 233 (Ala. Crim. App. 1999); Ex parte City of
Fairhope, 739 So. 2d 35, 39 (Ala. 1999).

Initially, we find that Wilson's petition has not
sufficiently pleaded facts necessary to establish any of his
claims as we discern them.  Thus, his petition failed because
it did not satisfy either the burden of pleading requirements
of Rule 32.3, Ala. R. Crim. P., or the specificity
requirements of Rule 32.6(b), Ala. R. Crim. P.

Notwithstanding our finding the pleadings in the petition
were insufficient, we note that Wilson has presented five
specific allegations of ineffective assistance of counsel on
appeal.  Regarding review of these issues Wilson argues that
the circuit court's summary dismissal was in error because,
although Wilson had new counsel appointed to pursue his direct
appeal, his original trial counsel filed his motion for new
trial and trial counsel did not claim ineffectiveness against
himself.  Thus, according to Wilson, this Rule 32 was his
first opportunity to pursue his claims that trial counsel was
ineffective.

Without addressing Wilson's claim that this petition
represents his first opportunity to challenge counsel's
performance, we note that two claims he now raises on appeal
were not sufficiently pleaded in his petition.  "[A]ttempts to
include more specific facts regarding ... claims of
ineffective assistance of counsel in ... brief to this Court
... are not properly before this Court for review because ...

3

[the new facts were] not include[d] ...in [the] original petition before the circuit court.") <u>Bearden v. State</u>, 825 So. 2d 868, 872 (Ala. Crim. App. 2001). The other three claims are presented for the first time. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." <u>Arrington v. State</u>, 716 So.2d 237, 239 (Ala. Crim. App. 1997). We also note, as discussed below, these claims are not in compliance with Rule 28, Ala. R. App. P., and thus, are waived from appellate review. Thus, Wilson is not entitled to appellate review of these claims.

Wilson also asserts on appeal that newly discovered evidence exists to prove that witness Darcell Brown testified falsely against Wilson. Initially, we note that Rule 28(a)(10), Ala. R. App. P., requires that an argument contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Wilson has presented no argument on appeal supporting this allegation. Noncompliance with Rule 28, Ala. R. App. P., amounts to a waiver of the argument on appeal. See <u>Hamm v. State</u>, [Ms. CR-99-0654, February 1, 2002] ___ So. 2d ___, ___ (Ala. Crim. App. 2002).

For the reasons stated above, the circuit court's summary dismissal of Wilson's Rule 32, Ala. R. Crim. P., petition is affirmed.

AFFIRMED.

McMillan, P.J., and Shaw, and Wise, JJ., concur. Baschab, J., concurs in the result.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

November 10, 2005

### CR-04-1746

Tommy Lee Wilson v. State of Alabama  (Appeal from Chambers  Circuit Court:
CC00-74.60)

## <u>NOTICE</u>

You are hereby notified that on November 10, 2005 the following action was taken in
the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Charles W. Story, Circuit Clerk
    Tommy Lee Wilson, Pro Se
    Yvonne A. H. Saxon, Asst. Atty. Gen.

# IN THE SUPREME COURT OF ALABAMA



January 13, 2006

**1050296**

Ex parte Tommy Lee Wilson.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Tommy Lee Wilson v. State of Alabama)
(Chambers Circuit Court: CC00-74.60; Criminal Appeals : CR-04-1746).

## CERTIFICATE OF JUDGMENT

### Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.
    LYONS, J. -  Nabers, C.J., and Woodall, Smith, and Parker, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _13th_ day of _January,  2006_

*Robert D Esdale Sr*

**Clerk, Supreme Court of Alabama**

EXHIBIT

*B-6*

PENGAD 800-631-6989

/bb