IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY LEE WILSON, | ) | |
| AIS #225500, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-CV-751-WKW |
| | ) | [WO] |
| | ) | |
| RALPH HOOKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Tommy Lee Wilson ["Wilson"], a state inmate, on August 15, 2006.  In this petition, Wilson challenges convictions for capital murder imposed upon him by the Circuit Court of Chambers County, Alabama on October 3, 2002.  The trial court sentenced Wilson to life without parole for each of these convictions.

Wilson filed a direct appeal of his capital murder convictions in which he challenged the sufficiency of the evidence presented to support his convictions.  On June 20, 2003, the Alabama Court of Criminal Appeals affirmed Wilson's capital murder convictions in an unpublished memorandum opinion.  *Respondents' Exhibit A-1 - Court Doc. No. 9-2 -- Wilson v. State*, 880 So.2d 513 (Ala.Cr.App. 2003) (Table), *rehearing denied*, 886 So.2d

182 (Ala.Cr.App. 2003) (Table), *cert. denied*, *Ex parte Wilson*, 891 So.2d 1011 (Ala. 2003)

(Table).  The opinion of the Alabama Court of Criminal Appeals reads, in pertinent part,

as follows:

> The appellant was convicted of murder made capital because he committed it during the commission of a first-degree robbery, a violation of § 13A-5-40(a)(2), Ala. Code 1975, and murder made capital because he committed it by or through the use of a deadly weapon fired or otherwise used from outside of a dwelling while the victim was in a dwelling, a violation of § 13A-5-40(a)(16), Ala. Code 1975.  The trial court sentenced him to imprisonment for life without the possibility of parole.  The appellant filed a motion for a new trial, which the trial court summarily denied.  This appeal followed.
>
> The appellant argues that the State did not present sufficient evidence to support his convictions.  Specifically, he contends that his convictions were based solely upon the uncorroborated testimony of his accomplice, Darcell Brown.
>
>> "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.
>
> § 12-21-222, Ala. Code 1975.
>
>> "'An accomplice's testimony must be supported by evidence connecting the defendant with the commission of the offense rather than merely showing that the offense occurred or the circumstances thereof.  Code of Alabama 1975, § 12-21-222; Miles v. State, 476 So.2d 1228 (Ala.Cr.App. 1985); Jackson v. State, 451 So.2d 435 (Ala.Cr.App. 1984).'  Hodges v. State, 500 So.2d 1273, 1275 (Ala.Cr.App. 1986).
>
>>> "'"Corroboration need only be slight to suffice." Ingle v. State, 400 So.2d 938, 940 (Ala.Cr.App. 1981).  "While corroborating evidence need not be strong, it '... must be of substantive character, must be inconsistent with the innocence of a

defendant and must do more than raise a suspicion of guilt.' <u>McCoy v. State</u>, 397 So.2d 577 (Ala.Crim.App.). cert. denied, 397 So.2d 589 (Ala. 1981)." <u>Booker v. State</u>, 477 So.2d 1388, 1390 (Ala.Cr.App. 1985). "However, the corroboration need not be sufficiently strong by itself to warrant a conviction." <u>Miles v. State</u>, 476 So.2d 1228, 1234 (Ala.Cr.App. 1985). The requisite corroborative evidence is determined by a process of elimination or subtraction. <u>Caldwell v. State</u>, 418 So.2d 168, 170 (Ala.Cr.App. 1981). "The means for analyzing the evidence to determine if there is sufficient evidence to corroborate testimony of an accomplice is to set aside the accomplice's testimony and determine whether or not the remaining evidence tends to connect the defendant with the commission of the offense." <u>Leonard v. State</u>, 459 So.2d 970, 971 (Ala.Cr.App. 1984). "Whether such corroborative evidence exists is a question of law to be resolved by the trial court, its probative force and sufficiency being questions for the jury." <u>Caldwell v. State</u>, supra, at 170. Circumstantial evidence is sufficient to show corroboration. <u>Jackson v. State</u>, 451 So.2d 435, 437 (Ala.Cr.App. 1984). See also <u>McConnell v. State</u>, 429 So.2d 662 (Ala.Cr.App. 1983).'"

<u>Hodges v. State</u>, 500 So.2d at 1275-76.

\*\*\*

"'In certain instances, association with the accomplice tending to show the accused's proximity, chronologically and geographically, to the alleged offense may furnish sufficient corroboration. <u>Ross v. State</u>, 74 Ala. 532 (1883); <u>DeGraaf v. State</u>, 34 Ala. App. 137, 37 So.2d 130 (1948)." [<u>Andrews v. State</u>, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala. 1979)].'"

3

[Ware v. State, 409 So.2d 886, 891 (Ala.Cr.App. 1981)].

"Thus, to constitute sufficient corroboration, a fact or circumstance may tend to support the accomplice's version, thereby confirming his credibility, but in order to provide sufficient corroboration of accomplice testimony, the evidence must connect the accused with the commission of the offense.  Jackson v. State, 451 So.2d 435, 437 (Ala.Cr.App. 1984)."

Arthur v. State, 711 So.2d 1031, 1059-60 (Ala.Crim.App. 1996), aff'd, 711 So.2d 1097 (Ala. 1997).   "'Additionally, sufficient corroboration of the testimony of an accomplice may be furnished by a tacit admission by the accused, by the suspicious conduct of the accused, and the association of the accused with the accomplice, or by the defendant's proximity and opportunity to commit the crime.'"  Ware v. State, 409 So. 2d 886, 891 (Ala.Crim.App. 1981) (quoting Jacks v. State, 364 So.2d 397, 405 (Ala.Crim.App. 1978).

\*\*\*

The testimony of other witnesses [thoroughly detailed in the opinion], as well as evidence collected at the murder scene, confirmed details of the appellant's statement and Darcell Brown's testimony.  Therefore, the State presented sufficient evidence to corroborate Darcell Brown's testimony, and the appellant's argument is without merit.  Accordingly, we affirm the trial court's judgment.

*Respondents' Exhibit A-1 - Court Doc. No. 9-2* at 1-5 and 13.

In January of 2004, Wilson filed a rambling and disjointed *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Chambers County, Alabama in which he raised the following claims: (1) The evidence was insufficient to support a finding of guilt; (2) Co-defendant Darcell Brown conspired with the district attorney to fabricate a case against Petitioner and committed perjury upon coercion by the district attorney as he admitted during his testimony the presence of inconsistencies in prior statements; (3) Brown's testimony should

4

have been impeached;  (4) Petitioner was not protected from double jeopardy as only one capital murder occurred - one witness, an employee of the Alabama Department of Forensic Sciences, testified he did not determine whether the shooter was outside of the house when he shot the victim although other testimony/evidence indicated the shooter stood outside of the house at the time of the shooting; (5) Dexter Gibson admitted during his testimony that law enforcement officials threatened to incarcerate him if he did not provide a statement; (6) Law enforcement officials did not explain Petitioner's rights to him prior to obtaining his statements; (7) The trial court erroneously admitted Petitioner's statements into evidence; (8) A letter written by Brown and admitted into evidence at trial confirms Brown lied about Petitioner's involvement in the crime; and (9) Trial counsel provided ineffective assistance when he (i) failed to object to the introduction of Petitioner's statements as violative of *Miranda*; (ii) sought no assistance in representing Petitioner, (iii) did not hire an investigator or expert witnesses, (iv) failed to call witnesses which would have helped prove Petitioner's innocence, and (v) was unprepared at motion hearings and trial. *Respondents' Exhibit B (Rule 32 Petition of Tommy Lee Wilson) - Court Doc. No. 9-4.*

On May 19, 2005, the trial court entered an order denying Wilson's Rule 32 petition. In this order, the court held "that each and every ground raised [in the petition] ... could have been raised [on direct appeal] with the Court of Criminal Appeals ... [because]

defendant was not represented by trial counsel on appeal." *Respondents' Exhibit B - Court*

*Doc. No. 9-4* at 62. Wilson appealed this decision. In his initial brief to the Alabama

Court of Criminal Appeals Wilson presented the following argument:

> The trial court erred by precluding the following issues:
> A. Trial counsel was ineffective in failing to raise in the motion for new [trial] Wilson was not given Miranda rights although a suppression hearing was held and the issue was preserved for appeal.
> B. The issue of double jeopardy was objected to at trial and trial counsel was ineffective in failing to assert the issue in the motion for new trial.
> C. Witness Dexter Gibson gave perjured testimony and trial counsel rendered ineffective assistance in failing to raise this issue in the motion for new trial.
> D. Witness Darcell Brown gave perjured testimony and trial counsel rendered ineffective assistance in failing to assert this issue in the motion for new trial.
> E. Trial counsel was ineffective because he was not prepared for trial.
> F. Newly discovered evidence exist to support the ground that Darcell Brown testified falsely at trial from witness Charles Ross.

*Respondents' Exhibit B-7 - Court Doc. No. 14-6* at 6 -- *Wilson v. State*, 954 So.2d 1145

(Ala.Crim.App. 2005) (Table), *rehearing denied* (November 10, 2005), *cert. denied*, *Ex*

*parte Wilson*, 971 So.2d 751 (Ala. 2006) (Table). In support of this argument, Wilson

asserted that under state law "the proper method for presenting an ineffective assistance

of counsel claim that cannot be reasonably presented [] in a motion for new trial is by filing

a Rule 32 Petition....." *Id*. at 7. Wilson therefore argued "[t]he trial court erred to reversal

in its order denying the Rule 32 petition on the ground that, 'every ground raised and

argued could have been raised with the Court of Criminal Appeals...'" because trial counsel

6

filed the motion for new trial and appellate counsel was not appointed until after the filing

of the motion for new trial resulting in the proper presentation of his claims of ineffective

assistance of counsel in the Rule 32 petition. *Id*. at 7-8.

On October 21, 2005, the Alabama Court of Criminal Appeals entered a

memorandum opinion addressing the claims set forth by the petitioner. The relevant

portion of this opinion reads as follows:

> Tommy Lee Wilson appeals from the circuit court's summary dismissal of his
> Rule 32, Ala. R. Crim. P., petition. The petition sought post-conviction
> relief from his October 3, 2002, conviction for two counts of capital murder
> and sentences of life in prison without the possibility of parole.... Wilson's
> Rule 32 petition was timely filed on January 26, 2004. The allegations
> contained in the petition are confusing and disorganized, sometimes to the
> point of being unintelligible and incoherent. Thus, at best we can discern,
> the following claims were presented in Wilson's petition.
>> 1.) There was insufficient evidence to support a finding of
>> guilt.
>> 2.) Co-defendant Darcell Brown conspired with the district
>> attorney to fabricate a case against the petitioner.
>> 3.) Darcell Brown's testimony should have been impeached.
>> 4.) Petitioner was not advised of his Miranda v. Arizona rights.
>> 5.) Because there was only one death, it was a double jeopardy
>> violation to charge petitioner with two crimes.
>> 6.) Witness Dexter Gibson admitted that he was threatened and
>> coerced.
>> 7.) Witness Darcell Brown admitted that he was coerced by the
>> District Attorney to lie about the petitioner.
>> 8.) Petitioner's statement was illegally obtained and used
>> against him....
>> 9.) Trial counsel was ineffective for failing to object to the
>> illegally obtained statement.
>> 10.) A letter written by Darcell Brown confirms that he lied
>> about the petitioner's involvement in the crime.

11.) Trial counsel was ineffective in presenting the facts of the case.

12.) Trial counsel was ineffective in investigating the defense and preparing for motions, hearings and trial.

13.) Improper and prejudicial remarks by the prosecutor persuaded the jury of petitioner's guilt.

14.) Petitioner was denied effective representation because petitioner only had one attorney instead of two.

The circuit court summarily dismissed the petition on May 19, 2005, on the grounds that all the claims contained in the petition could have been presented on direct appeal. See, Rule 32.2(a)(4), Ala. R. Crim. P. In reviewing the circuit court's denial of [Wilson's] petition, we will affirm the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason.... See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App. 1999); Ex parte City of Fairhope, 739 So.2d 35, 39 (Ala. 1999).

Initially, we find that Wilson's petition has not sufficiently pleaded facts necessary to establish any of his claims as we discern them. Thus, his petition failed because it did not satisfy either the burden of pleading requirements of Rule 32.3, Ala. R. Crim. P., or the specificity requirements of Rule 32.6(b), Ala. R. Crim. P.

Notwithstanding our finding the pleadings in the petition were insufficient, we note that Wilson has presented five specific allegations of ineffective assistance of counsel on appeal. Regarding review of these issues Wilson argues that the circuit court's summary dismissal was in error because, although Wilson had new counsel appointed to pursue his direct appeal, his original trial counsel filed his motion for new trial and trial counsel did not claim ineffectiveness against himself. Thus, according to Wilson, this Rule 32 was his first opportunity to pursue claims that trial counsel was ineffective.

Without addressing Wilson's claim that this petition represents his first opportunity to challenge counsel's performance, we note that two claims he now raises on appeal [,i.e., trial counsel failed to challenge the lack of Miranda warnings and was not prepared for trial,] were not sufficiently pleaded in his petition. "[A]ttempts to include more specific facts regarding ... claims of ineffective assistance of counsel in ... brief to this Court ... are not properly before this Court for review because ... [the new facts were] not include[d] ... in [the] original petition before the circuit court." Bearden v.

8

State, 825 So.2d 868, 872 (Ala.Crim.App. 2001). The other three claims [of ineffective assistance, i.e., trial counsel failed to (i) raise a double jeopardy claim, (ii) challenge the testimony of Gibson as perjured and (iii) assert an issue regarding perjury by Brown in the motion for new trial,] are presented for the first time [in this appeal]. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App. 1997). We also note, as discussed below, these claims are not in compliance with Rule 28, Ala. R. App. P., and thus, are waived from appellate review. Thus, Wilson is not entitled to appellate review of these claims.

Wilson also asserts on appeal that newly discovered evidence exists to prove that witness Darcell Brown testified falsely against Wilson. Initially, we note that Rule 28(a)(10), Ala. R. App. P., requires that an argument contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Wilson has presented no argument on appeal supporting this allegation. Noncompliance with Rule 28, Ala. R. App. P., amounts to a waiver of the argument on appeal. See Hamm v. State, [913 So.2d 460] (Ala.Crim.App. 2002).

For the reasons stated above, the circuit court's summary dismissal of Wilson's Rule 32, Ala. R. Crim. P., petition is affirmed.

*Respondents' Exhibit B-1 - Court Doc. No. 9-5* at 1-4. Thus, in affirming the circuit court's denial of Wilson's Rule 32 petition, the Alabama Court of Criminal Appeals did not rely on the preclusion ground set forth by the lower court; rather, the appellate court determined Wilson's claims entitled him to no relief because he failed to sufficiently plead facts and arguments on appeal in support of his claims. *Id.* at 3. Specifically, the Alabama Court of Criminal Appeals held that: (1) Wilson failed to sufficiently plead the claims of ineffective assistance of counsel regarding a *Miranda* challenge and lack of trial preparation; (2) The remaining three claims of ineffective assistance of counsel were

barred from review under the State's procedural rules because Wilson raised them for the first time on appeal from the trial court's denial of his Rule 32 petition; and (3) The assertion of newly discovered evidence with respect to the testimony of Darcell Brown provided no basis for relief as Wilson "presented no argument on appeal supporting this allegation." *Id*. at 3-4.

Wilson filed an application for rehearing in which he continued his argument that the trial court erred in denying the Rule 32 petition based on preclusion grounds. Wilson did not address the findings made by the Alabama Court of Criminal Appeals in its memorandum opinion and instead argued:

> The issue of ineffective assistance of counsel is not precluded as a basis for relief because the Rule 32 petition was Petitioner's first opportunity to present that claim to the trial court....
>
> The trial court erred to reversal in summarily denying the Rule 32 post-conviction petition on the ground that the ineffective assistance of counsel claims could have been but was not raised on appeal. In its order denying the Rule 32 petition, the trial court noted that, "It should be noted that defendant was not represented by trial counsel on appeal."
>
> However, it was trial counsel who filed the motion for new trial and appellate counsel was appointed after that motion was filed and after the 30 days allowed by [the state rule] to file that motion. Appellate counsel could not have amended the motion for new trial to add ineffective assistance of counsel. Petitioner filed his claim of ineffective assistance of counsel in a Rule 32 post-conviction petition because [under applicable state case law] it was the first opportunity available to him....
>
> Petitioner filed his claim of ineffective assistance of counsel in a Rule 32 post-conviction petition because [under applicable state law] it was the first opportunity available to him....
>
> Additionally, this court has stated that the issue of ineffective assistance of counsel is not precluded in a Rule 32 petition if it is a

Petitioner's first opportunity to present that claim to the trial court....

*Respondents' Exhibit B-3 - Court Doc. No. 11-2* at 7-8 (citations to state case law omitted).

The appellate court denied the application for rehearing on November 10, 2005.

*Respondents' Exhibit B-4 - Court Doc. No. 11-3.*

Wilson filed a petition for writ of certiorari with the Alabama Supreme Court. In this petition, Wilson alleged the Alabama Court of Criminal Appeals erred in affirming the trial court's denial of his Rule 32 petition because the holding issued by the trial court that his claims were precluded from review due to his failure to raise the claims on direct appeal, a holding not adopted by the appellate court in its memorandum opinion, was erroneous. *Respondents' Exhibit B-5 - Court Doc. No. 11-4* at 2-3. Wilson again did not challenge the findings made by the Alabama Court of Criminal Appeals in denying his petition for post-conviction relief. *Id.* The Alabama Supreme Court denied the petition for writ of certiorari on January 13, 2006. *Respondents' Exhibit B-6 - Court Doc. No. 11-5.*

Wilson initiated this 28 U.S.C. § 2254 action on August 15, 2006 in which he asserts the following claims for relief:

> 1.  The State failed to present sufficient evidence to support his convictions, i.e., his convictions were based solely on the uncorroborated testimony of an accomplice, Darcell Brown.
>
> 2.  Trial counsel provided ineffective assistance because he (i) failed to investigate the case and call witnesses on Petitioner's behalf, (ii) was not

prepared for trial, and (iii) did not raise a *Miranda* challenge to Petitioner's statements.

3.      Newly discovered evidence exists that Darcell Brown testified falsely against Petitioner at trial.

*Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 6.

In their answers to the petition, the respondents argue the claims pending before this court entitle Wilson to no relief. Specifically, the respondents contend that all of Wilson's claims for federal habeas relief, with the exception of the sufficiency claim, are procedurally barred from review because Wilson failed to properly present these claims to the state courts on appeal from the trial court's order denying the Rule 32 petition as required by the State's procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11ᵗʰ Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11ᵗʰ Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d

12

1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In order to provide the state courts with the requisite full and fair opportunity to address his claims, "the petitioner [must] 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). Exhaustion is not satisfied 'merely' if the petitioner presents the state court with 'all the facts necessary to support the claim' or even if a 'somewhat similar state-law claim was made.' *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (citation omitted)." *Pearson v. Sec'y for Dept. of Corr.*, 273 Fed.Appx. 847, 849-850 (11th Cir. 2008). It is likewise clear that the challenge to the sufficiency of the evidence does not entitle Wilson to federal habeas relief as the state courts properly adjudicated this claim on the merits. *Price v. Vincent*, 538 U.S. 634, 123 S.Ct. 1848, 1852 (2003); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000).

Upon review of the § 2254 petition, the answers of the respondents, Wilson's responses to the answers, the state court record, opinions issued by the state courts and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a),

*Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

### III.  DISCUSSION

### A.  Actual Innocence - Independent Claim

To the extent Wilson alleges he is innocent of capital murder, the law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*."  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  In accordance with the foregoing directives, Wilson is entitled to no relief from this court on any independent claim of actual innocence.

### B.  Adjudicated Claim - Sufficiency of the Evidence

Wilson asserts the State failed to present evidence sufficient to warrant his convictions.  In support of this assertion, Wilson "claims his convictions were based solely upon the uncorroborated testimony of his accomplice...."  *Petition for Writ of Habeas*

14

*Relief - Court Doc. No. 1* at 6.

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"].  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."  *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

15

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an **unreasonable** application of federal law is different from an **incorrect** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that

16

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the Wilson of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...."  538 U.S. at 636, 123 S.Ct. at 1851.  As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts."  *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007).  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).

17

Wilson presented this precise challenge to the sufficiency of the evidence on direct appeal of his convictions.  After an extensive discussion of all the evidence presented by the State and an exhaustive recitation of applicable state law, the Alabama Court of Criminal Appeals decided this issue adversely to the petitioner.  *Respondents' Exhibit A-1 - Court Doc. No. 9-2* at 13 ("The testimony of other witnesses, as well as evidence collected at the murder scene, confirmed details of the appellant's statement and Darcell Brown's testimony.  Therefore, the State presented sufficient evidence to corroborate Darcell Brown's testimony, and the appellant's argument is without merit.").

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is to determine whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307 (1979).

> But this inquiry does not require [this] court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id*. at 318-19 (emphasis in original; citations and footnote omitted).

The Alabama Court of Criminal Appeals did not decide Wilson's challenge to the sufficiency of the evidence "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law.  *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523.

Consequently, the state appellate court's rejection of the sufficiency claim was not contrary to actual Supreme Court decisions. Further, a thorough review of the evidentiary materials submitted in this case establishes that the state court's rejection of Wilson's argument was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thus, Wilson is not entitled to relief from this court on his challenge to the sufficiency of the evidence.

### C. Procedurally Defaulted Claims

The remaining claims presented by Wilson in his petition for habeas corpus relief are procedurally defaulted as Wilson failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, *supra*.; *Henderson*, 353 F.3d 880, 891 (11th Cir. 2003); *Pruitt v. Jones*, 348 F.3d at 1358-1359. Upon thorough review of the answers filed by the respondents and the state court records submitted by the parties, the court gleans the relevant procedural defaults as follows:

(a) The claims of ineffective assistance of trial counsel regarding counsel's lack of trial preparation and his failure to object to the admission of petitioner's statements as violative of *Miranda* and the newly discovered evidence claim with respect to alleged false testimony by Darcell Brown are procedurally defaulted because Wilson did not fairly present these claims in his application for rehearing and/or petition for writ of certiorari on appeal from the denial of his Rule 32 petition. During the Rule 32 appeal, the Alabama Court of Criminal Appeals did not consider these claims procedurally defaulted as had the

19

trial court but determined that these claims entitled Wilson to no relief as he had failed to present sufficient facts and/or arguments in support of such claims. *Respondents' Exhibit B-1 - Court Doc. No. 9-5* at 3-4. After entry of this decision, Wilson did not challenge the ruling of the Alabama Court of Criminal Appeals that he failed to demonstrate entitlement to relief on the ineffective assistance and newly discovered evidence claims in either his application for rehearing or petition for writ of certiorari; instead, he argued only that the trial court acted contrary to well established state law in deciding such claims were precluded from review due to his failure to raise the claims on direct appeal.

In his response filed on June 1, 2009, Wilson argues he presented the claims in his initial brief to the Alabama Court of Criminal Appeals on appeal from the denial of his Rule 32 petition and such action served to preserve the issues for review on rehearing and certiorari. *Petitioner's June 1, 2009 Response - Court Doc. No. 27* at 3. Next, Wilson maintains that in his application for rehearing he advised "'Petitioner files herewith his brief and argument and prays that the same be considered.'" *Id.* at 4; *Respondents' Exhibit B-3 - Court Doc. No. 11-2* at 1. However, the only brief submitted with the application for rehearing is the "Brief In Support of Application for Rehearing." *Respondents' Exhibit B-3 - Court Doc. No. 11-2* at 3-9. In this brief, Wilson limits his argument to the alleged error committed by the trial court in summarily dismissing his Rule 32 claims as procedurally barred from review. *Id.* at 6-8. Finally, Wilson alleges that his argument presented in the application for rehearing and petition for writ of certiorari is due to be construed as an

20

argument "that his issues should be accepted and ruled upon in favor of the petitioner." *Petitioner's June 1, 2009 Response - Court Doc. No. 2*7 at 6. However, it is clear that the argument submitted by Wilson did not constitute a fair presentation of his substantive claims to either the Alabama Court of Criminal Appeals on rehearing or the Alabama Supreme Court during the certiorari proceeding.

The record before the court demonstrates Wilson did not challenge the appellate court's decision addressing the merits of these claims and its resulting denial of relief based on his failure to present sufficient facts/arguments to support such claims. Wilson cited exclusively to state law and argued only that the trial court violated state law in finding his claims precluded from post-conviction review. Thus, the only claim fairly presented by Wilson in the application for rehearing and petition for writ of certiorari challenged the state procedural bar on which the trial court relied to deny post-conviction relief. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) ("In *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed2d 438 (1971) we said that exhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted)."); *Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317, 1350 (11th Cir. 2004) (A petitioner must present his claim to the state courts in a manner "sufficient to 'afford the State a full and fair opportunity to address and resolve the claim on the merits.' *Keeney* [*v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720

(1992)]."").

(b)  The remaining claim of ineffective assistance of trial counsel, i.e., counsel failed to investigate the case and call witnesses, is procedurally defaulted  because Wilson failed to raise this specific claim of ineffective assistance in his initial brief on appeal from the denial of the Rule 32.

This court may reach the merits of Wilson's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id.*"  *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

**1.  <u>Cause and Prejudice</u>.**

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d

1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.  Wilson does not present any basis for cause and prejudice. However, to the extent the pleadings filed herein by Wilson can be liberally construed to contain a claim that the petitioner's *pro se* status, with its concomitant lack of legal knowledge, should excuse any procedural default arising from his failure to properly present the federal habeas claims during the Rule 32 proceedings, this claim fails.

Any reliance by Wilson on his *pro se* status and attendant lack of legal knowledge provides no basis for relief from the applicable procedural bars as neither an inmate's lack of legal knowledge, his failure to understand legal principles nor the inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant such relief.  *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (an inmate proceeding *pro se* does not demonstrate either cause and prejudice or a miscarriage of justice so as to alleviate application of the procedural bar); *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause for a procedural default); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*, 781 F.2d 1458, 1462 (11th Cir. 1986); *Barksdale v. Lane*, 957 F.2d 379, 385-386 (7th Cir. 1992) (petitioner's *pro se* status does not constitute adequate grounds for cause); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law is not a factor which warrants relief from procedural bars); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d

110 (2001) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro

se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710,

714 (5th Cir. 1999)."); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert.*

*denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or

legal resources, even in a case involving a *pro se* inmate, does not warrant equitable relief

from a procedural bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable relief

from procedural bar not justified by fact that petitioner did not understand the law).

The record is devoid of any "objective factor external to the defense that prevented

[Wilson] from raising the claim[s] and which cannot be fairly attributable to his own

conduct." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  In light of the fact that Wilson

raised his claims for federal relief while proceeding *pro se* in both this court and the state

courts, it is clear that such claims are not issues "intrinsically beyond [a] *pro se* petitioner's

ability to present." *Harmon*, 894 F.2d at 1275.

Based on the foregoing, the court concludes that Wilson has failed to demonstrate

cause for his failure to present his federal habeas claims to the state courts in compliance

with applicable procedural rules.  Furthermore, Wilson has presented nothing which

establishes the existence of actual prejudice emanating from infringement of federal law.

Nevertheless, this court may still reach the merits of Wilson's procedurally defaulted

claims in order to prevent a fundamental miscarriage of justice

   2. **<u>Fundamental Miscarriage of Justice</u>**.  Throughout his pleadings in this court,

Wilson asserts he is not guilty of capital murder.  In support of this assertion, Wilson maintains (i) he did not participate in the actions leading to the death of the victim, (ii) the evidence presented by the State failed to establish his guilt on either charged offense, and (iii) the evidence did not sufficiently demonstrate the shooter stood outside the dwelling at the time he fired the shot which killed the victim as necessary to prove one of the charged offenses.  He argues this court should therefore address his procedurally defaulted claims in order to avoid a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary'" case."  *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."  547 U.S. at

25

537, 126 S.Ct. at 2077.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324 (emphasis added).

The instant claims of innocence are based on the same defenses and evidence presented by Wilson at trial.  The jury rejected these arguments and found Wilson guilty of two counts of capital murder.  Wilson has failed to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*.  Wilson's procedurally defaulted claims are therefore foreclosed from federal habeas review.

Assuming *arguendo* Wilson had not procedurally defaulted the claims discussed

*infra*, he is likewise entitled to no relief as the Alabama Court of Criminal Appeals addressed the merits of these claims, with the exception of counsel's failure to investigate the case and call witnesses, on appeal from the denial of the Rule 32 petition and properly determined the claims provided no basis for relief.

Initially, the court notes Wilson presents no evidence in support of his newly discovered evidence claim regarding alleged false testimony by Darcell Brown. The only documents filed by Wilson relative to this claim merely indicate Brown made inconsistent statements in a letter written to Wilson prior to trial, a letter admitted at trial, and statements made to various officials including defense counsel, statements addressed during cross examination of Brown, regarding the lack of knowledge/knowledge he believed Wilson had of the shooter's intention to kill the victim. Wilson argues some of the assertions contained in the letter/statements contradict Brown's testimony at trial which incriminated the petitioner in the murder. Both the letter and Brown's statements regarding the petitioner's involvement in the murder were known by the defense prior to trial and utilized during cross-examination of Brown for purposes of impeachment.

Under the facts and circumstances of this case, Wilson has failed to assert a cognizable federal constitutional claim. The law is well settled that absent a cognizable federal constitutional claim, federal habeas relief is not warranted on a claim of newly discovered evidence. *Herrera*, 506 U.S. at 400 ("'[T]he existence of merely newly discovered evidence relevant to the guilt of a sate prisoner is not a ground for relief on

27

federal habeas corpus' ... [because] federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact."); *Swindel v. Davis*, 846 F.2d 706, 707 (11th Cir. 1988) (federal habeas relief denied where petitioner presented evidence not previously known to prosecutors at trial that someone else committed the crime at issue).

Moreover, any alleged newly discovered evidence of false testimony by Darcell Brown is merely cumulative to other evidence presented at trial.  In addition, there is nothing before the court which indicates this purported newly discovered evidence could not have been obtained prior to trial by the use of due diligence nor that it would have resulted in Wilson's acquittal.  Finally, the "new evidence" represents only additional grounds for impeachment of Brown's testimony.  It is therefore clear that the instant claim of newly discovered evidence, even if properly before this court, provides no basis for federal habeas relief.  *Cf. United States v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997).  Thus, the decision of the Alabama Court of Criminal Appeals on the aforementioned issue was not contrary to of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

With respect to the claims of ineffective assistance of counsel now before this court, Wilson presents only bare, conclusory allegations challenging trial counsel's performance. The Alabama Court of Criminal Appeals reviewed the claims regarding counsel's lack of a *Miranda* objection and his failure to prepare for trial and deemed these claims devoid of

merit due to a total lack of factual support.  The appellate court undertook no discussion of federal law in summarily denying relief on such claims.  Thus, this court will determine whether rejection of Wilson's claims of ineffective assistance of counsel by the state court "resulted in a decision that was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).[1]

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  The petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, the petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him.  *Williams*, 529 U.S. at 393 n. 17 (2000).  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy.  *Rogers v. Zant*,

---

[1]Clearly established federal law on claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

29

13 F.3d 384, 386 (11ᵗʰ Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11ᵗʰ Cir. 1992).  "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice."  *Gilreath v. Head*, 234 F.3d 547, 551 (11ᵗʰ Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

A petitioner must satisfy both prongs of the *Strickland* inquiry to receive federal habeas relief.  466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."  *Id.* at 697; *see, e.g.*, *Duren v. Hopper*, 161 F.3d 655, 660 (11ᵗʰ Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

The Alabama Court of Criminal Appeals did not decide Wilson's ineffective assistance of counsel claims regarding *Miranda* and trial preparation "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law.  *Williams*, 529 U.S. at 413.  Consequently, the rejection of these claims by the state appellate court was not contrary to actual Supreme Court decisions.  Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the decision of the Alabama

Court of Criminal Appeals denying these claims was objectively reasonable and also constituted a reasonable determination of the facts in light of the evidence presented by the parties. Wilson is therefore likewise not entitled to relief from this court on such claims of ineffective assistance of counsel as the state court properly adjudicated his claims on the merits. *Id*. at 405-406. Furthermore, Wilson has failed to establish that trial counsel's investigation of the case or his decisions regarding which witnesses to call "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. More importantly, even assuming trial counsel's actions with respect to these allegations were in some way deficient, Wilson has not shown that the actions prejudiced him in any way such that a jury would not have convicted him. *Strickland*, 466 U.S. at 694. Thus, the claims of ineffective assistance of counsel presented to this court entitle Wilson to no relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Tommy Lee Wilson be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before September 2, 2009 the parties may file objections to the Recommendation.  Objections must specifically identify the findings in the Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings contained in the Recommendation which are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions issued by the former Fifth Circuit and handed down prior to September 30, 1981).

Done this 17th day of August, 2009.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE